UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | |
|---|---|
| PHILLIP ANSEL BROWN, ) | C/A No.: 4:16-cv-0402-BHH-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| JOSEPH L. McFADDEN, WARDEN, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, Phillip Ansel Brown (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on February 8, 2016. (Doc. #1). Respondent filed a motion for summary judgment on May 27, 2016, along with a memorandum. (Doc. #14). The undersigned issued an order filed June 8, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #17). Petitioner filed a response on June 22, 2016.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## DISCUSSION

### A.  STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party

2

bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel

3

Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## B.  ARGUMENT OF PARTIES/ANALYSIS

**Factual and Procedural Background**

On June 18, 1982, Petitioner and two co-defendants were arrested and charged with the offenses of murder, burglary, and armed robbery. On June 23, 1983, Petitioner pleaded guilty as charged and was sentenced to a term of incarceration for the remainder of his natural life for murder and burglary and twenty-five years for armed robbery. (See Plaintiff's response to summary judgment and Respondent's memorandum).

Petitioner escaped incarceration, stole a vehicle, and broke into a residence where he stole property valued in excess of two hundred dollars. (Respondent's memorandum). Petitioner was caught and charged with escape, unauthorized use of a motor vehicle, and vehicle theft. Id. On February 9, 1984, Petitioner was sentenced to twenty-two years to run consecutively to his current incarcerated sentence. Id.

The law in South Carolina at the time Petitioner committed the offenses allowed a person serving a life sentenced for murder to be eligible for parole upon the service of twenty years. (Petitioner's response; Respondent's memorandum). Between the

4

years of February 7, 2001, and April 14, 2010, Petitioner appeared before the Parole Board (Board) for annual parole eligibility hearings on ten separate occasions and was denied each time until the April 14, 2010, hearing. On April 14, 2010[2], Petitioner appeared before the Parole Board for a hearing. At the conclusion of that hearing, the Parole Board decided to award conditional parole upon the satisfaction of several conditions including the following:

1. Intensive supervision for the indeterminate period not to exceed six months;
2. Must attend mental health program for as long as they deem necessary;
3. Must have no contact with the victim and/or the victim's family for the duration of parole;
4. Must attend and successfully complete the additional treatment unit program and attend aftercare;
5. Home detention not to exceed six months as determined by the Department;
6. Must find and maintain lawful employment and reside at a previously approved residence;
7. Complete a favorable psychological evaluation; and
8. Must reimburse the Department for the cost of said evaluation.

(Respondent's memorandum, p. 4, Petitioner's exhibit doc. 19-1[3]).

When the Board's decision was delivered to the victim's family, solicitor, and law enforcement, the Board was informed that they were never notified of the parole

---

[2] Respondent cited the date as March 8, 2010. Petitioner pointed out in his response that the correct date was April 14, 2010.

[3] The document submitted by the Petitioner is only partially legible.

hearing. (Respondent's memorandum). Pursuant to South Carolina law, all parties involved are required to receive notification prior to any Parole Board hearing. Id. Due to the oversight, the Board decided to rescind its grant of conditional parole to give the victim's family, law enforcement, and the solicitor's office an opportunity to voice their opposition to the Board on September 8, 2010. Id. After a hearing on September 8, 2010, the Parole Board decided to deny parole due to: 1) the nature and seriousness of the prior offenses; 2) an indication of violence in this or a previous offense; 3) the use of a deadly weapon in this or a previous offense; and 4) a prior criminal record indicating poor community adjustment. Id.

After receipt of the decision, Petitioner requested a reconsideration on October 5, 2010. (Petitioner's response; Respondent's memorandum). The Board heard the request for rehearing on February 9, 2011, determined that the reasons stated for the request "did not affect the final decision of the Parole Board, and would not affect the decision of the Parole Board if they were to rehear your case," and denied the request for rehearing. (Petitioner's Exhibit 19-1, p. 8). Petitioner filed a notice of appeal with the Administrative Law Court (ALC) alleging a violation of his due process in the rescission of his parole. (Petitioner's response). The Administrative Law Judge issued an order on October 14, 2010, denying the appeal.[4] Id. Petitioner

---

[4] A copy of the order was not submitted by the parties.

then filed a notice of appeal with the South Carolina Court of Appeals which affirmed the decision of the Parole Board. Id. (citing 2013 WL 8538671). The South Carolina Court of Appeals held as follows:

> Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Sanders v. S.C. Dep't of Corr., 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct.App.2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); id. ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); James v. S.C. Dep't of Prob., Parole & Pardon Servs., 376 S.C. 392, 396, 656 S.E.2d 399, 401 (Ct.App.2008) ("[A]n inmate has a liberty interest in gaining access to the parole board, although there is no protected right to parole."); Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 9 (1979) ("There is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires."); Jago v. Van Curen, 454 U.S. 14, 17–21 (1981) (holding no liberty interest or due process protections were implicated when an inmate was initially granted parole but the order was rescinded at a later meeting without providing the inmate a hearing); id. at 17 ("We do not doubt that respondent suffered 'grievous loss' upon [the board's] rescission of his parole."); id. ("But we have previously 'reject[ed] ... the notion that any grievous loss visited upon a person by the State is sufficient to invoke the procedural protections of the Due Process Clause.' " (quoting Meachum v. Fano, 427 U.S. 215, 224 (1976))); id. at 19 ("We would severely restrict the necessary flexibility of ... parole authorities were we to hold that any one of their myriad decisions with respect to

7

> individual inmates may ... give rise to protected 'liberty' interests which could not thereafter be impaired without a constitutionally mandated hearing under the Due Process Clause.").

Brown v. South Carolina Dept. Of Probation, Parole and Pardon Services, 2013 WL 8538671 ( S.C. Ct. Appeals June 5, 2013).

Petitioner filed this petition for writ of habeas corpus arguing that the Department violated a contractual obligation by rescinding the conditional release of parole in violation of his due process. In his response, Petitioner "contends that the violation of his Constitutional rights occurred when the Respondents determined that Petitioner had satisfied all of the criteria established under South Carolina law and the South Carolina Board of Paroles and Pardons Operations Manual (2009) and granted him conditional parole then rescinded the grant of parole without substantive or procedural due process which entitles him to habeas relief under 28 U.S.C. §2241(3)." (Doc. # 19, p. 4).

Petitioner attached a copy of a portion of the South Carolina Board of Paroles and Pardons Operating Manual to his response stating, in part:

> **Possible Results After a Re-Hearing**
>
> For any of the foregoing reasons, the Board or panel might want to re-hear a case in order to reconsider its original parole decision. Any such re-hearing may result in one of four decisions. These decisions are rescission of parole, grant of parole, no change in the original decision and an amendment.

> A. Rescission of Parole. A recision of parole rescinds the original decision to grant parole. Unlike a revocation of parole, which occurs after parole has been granted and the offender has been placed on supervision in the community, a recision of parole occurs before the grant of parole has become effective and before the offender has been released from prison onto supervision in the community. Thus, in the case of a revocation of parole, the parolee stands to lose constitutional freedom, a freedom in which by constitutional mandate he/she has a protected liberty interest. In the case of a rescission of parole, by contrast, the prisoner has not yet gained his conditional freedom; therefore, he/she can have no protected liberty interest in it. And because a rescission of parole differs in this way from a revocation of parole, the procedural requirements for rescinding the decision to grant parole are far less involved that the requirements for revoking parole.
>
> . . .
>
> **<u>Initiating The Process of Rehearing Cases</u>**
>
> . . . If the offender has not been released on parole, the process is most often initiated by a report that the Board or panel receives from the parole examiner at the prison where the offender is incarcerated. However, a report could come from any source. The report itself would set forth the reasons why the Board or panel should conduct a re-hearing in order to reconsider its original parole decision. A request for a rehearing may also be made by a petition or letter received from the requesting party within 30 days of the parole rejection. This letter or petition must specify the exact reasons why the Board should reconsider its decision. The decision to grant or deny a rehearing shall be made in the sole discretion of the Board based upon the letter or petition filed by the requesting party and other documents which are made available to the Board from the parole file. Notice of the decision will be forwarded to the requesting party.

(Doc. #19-1, p. 9).

Respondent filed a motion for summary judgement arguing that the parole decision was not final so there was no wrongdoing in rescinding the decision to allow the opportunity for input from the victim's family, the solicitor, and law enforcement pursuant to South Carolina law, and the denial of parole was not a violation of a Constitutional right.

**Analysis**

As set forth above, Petitioner argues that he was unlawfully denied parole when his conditional parole was rescinded without substantive or procedural due process. Also, he argues that the parole order is a binding contract entitling him to relief. Respondent asserts that Petitioner was not granted parole but only a provisional parole, that no liberty interest was at stake, and that Petitioner was afforded due process before a fair and impartial Parole Board.

The Constitution itself does not create a protected liberty interest in the expectation of early release on parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); see also Jago v. Van Curen, 454 U.S. 14, 18–20, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981) (finding mutually explicit understanding

that inmate would be paroled does not create liberty interest).[5] "It is therefore axiomatic that because [ ] prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.1997). Because there is no constitutional right, federal courts "recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir.1996) (quoting Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir.1991) (add'l internal quotations omitted)). The South Carolina Supreme Court has held that although South Carolina Code §24-61-640 does not create a liberty interest in parole, it does create a liberty interest in parole eligibility. Furtick v. South Carolina Dep't of Probation, Parole & Pardon Servs., 352 S.C. 594, 576 S.E.2d 146, 149 (S.C.2002).

Here, Petitioner fails to show any state statute, rule or regulation[6] creating a

---

[5] It is undisputed that Petitioner was never actually released on parole. It is noted that the South Carolina Board of Paroles and Pardons Operating Manual addresses the rescission of parole, and states "the prisoner has not yet gained his conditional freedom so he can have no protected liberty interest in it." (Doc. #19,-1, p. 9).

[6] Petitioner cites to Perry v. Sindermann, 408 U.S. 593, 601 (U.S. 1972), in support of his claim. In Sindermann, the Supreme Court held that "a person's interest in a benefit is a property interest if there are such rules or are mutually explicit understandings that support his claim of entitlement to the benefit." In Jago v. Van Curen, 454 U.S. 14 (1981), the Supreme Court held that "[o]ur decision in Sindermann was concerned only with the Fourteenth Amendment's protection of "property" interests." The Court held that a mutually explicit understanding that inmate would be paroled does not create liberty interest and held that "Principles of contract law naturally serve as useful guides in determining whether or not a constitutionally protected

11

right to or liberty interest in parole.[7] At best, Petitioner had an interest in the process rescinding the decision of the Parole Board.[8] Therefore, Petitioner has not suffered a constitutional violation by his denial of parole or his conditional parole being rescinded as he was never released from custody. Accordingly, it is recommended that this petition be dismissed and Respondent's motion for summary judgment granted.

## **CONCLUSION**

Based on the above, it is recommended that Respondent's motion for summary judgment (doc. #14) be granted and the petition dismissed.

                                        Respectfully submitted,


                                        s/Thomas E. Rogers, III
August 19, 2016                      Thomas E. Rogers, III
Florence, South Carolina           United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice.**

---

property interest exists. Such principles do not, however, so readily lend themselves to determining the existence of constitutionally protected liberty interests in the setting of prisoner parole." Jago, 454 U.S. 18. Therefore, Petitioner's reliance on Sindermann is misplaced.

[7] A federal court must not involve itself in the merits of the state's parole decisions. See Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996).

[8] A petitioner is only entitled to minimal due process, which is a statement of the reasons for the denial of parole. See Poore v. Underwood, 2001 WL 117505, at *1 (4th Cir. Feb. 12, 2001)(citing Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996));  Damballah v. Bright, 2008 WL 4159203 (D.S.C. September 8, 2008). Even assuming, for the sake of argument, a liberty interest was created, upon rescission/rehearing,  Petitioner received minimal due process stating the reasons for denial of parole. (Doc. #19-1, p. 14).